G. W. MALONE, for the use and benefit of the GLOBE RUTGERS FIRE INSURANCE CO. of NEW YORK v. HAMPTON A. HARTH, JR.

Eastern Section. ——— —, ——.

Johnson & Cox, of Knoxville, for appellant.
Cate, Smith, Tate & Long, all of Knoxville, for appellee.

SNODGRASS, J.  The Insurance Company, having paid an alleged liability on a policy of alleged theft insurance to the said G. W. Malone in the sum of $3500, brought this bill against the defendant through the said Malone under alleged subrogation right to collect the amount so paid from the defendant, claiming that the automobile on which the alleged insurance rested was stolen out of the garage of the said defendant by one of his employees in Knoxville, Tennessee, on or about the 7th of September, 1921 and so wrecked and destroyed as the salvage was practically worthless. The right of recovery was rested both in contract as bailor and bailee, and a claim of negligence on the part of the said bailee in the protection of the car.

There is no question from the proof but what a Cadillac car of value belonging to the said Malone on or about the date in question in the early hours of the morning but before day light was left by the said Malone in the custody of defendants employee, a negro boy or man; and that by such action there was created a relationship of bailor and bailee between the said Malone and the defendant. Further there is no doubt but what the negro boy in charge of defendant's garage took the car out of the garage and in making a test, as he claimed, in response to Malone's direction, having received an order to grease, and take it out over some rough road to see if the squeaks were removed, in driving it about the streets of the city, ran the same against a telephone pole with such force and violence as to wreck it.

While there has been considerable dispute as to the amount of the damages sustained, in view of the attitude the case has assumed we

do not deem it necessary to determine the extent of the injuries. Suffice it to say that the bill claims that under the policy $3500 was claimed and that being subrogated to the rights of Malone he was entitled to recover that amount from defendant for the use and benefit of the insurance company.

The answer denied any liability and demanded strict proof of all the material allegations of the bill.

Proof was taken and on the hearing, the Chancellor dismissed the bill, holding and decreeing that the allegations of the original bill were fully met by the answer and the proof on file and that the theory of said bill that the defendant carelessly and negligently permitted said automobile to be stolen from his garage is not sustained by the proof; on the contrary it was found and decreed by the court that said automobile was not stolen from the garage of the defendant and was not damaged as the result of any negligence upon the part of the defendant.

Accordingly it was adjudged and decreed that no liability or obligation rested upon the Insurance Company to pay any sum of money to the said G. W. Malone by virtue of the alleged policy of theft insurance referred to in the pleadings and proof, and if, in fact, said sum of $3500 was paid as averred in the original bill, it was done voluntarily and that no liability can be asserted against the defendant on account thereof.

It is also proper to say that the wrecked car had been left by some one in the garage of the defendant from the date of its damage to the filing of the cross-bill which was done by defendant to recover storage charges in the sum of $————. Upon which liability was denied by original complaint. This cross-bill was likewise dismissed by the Chancellor from which action there was no appeal and that branch of the litigation passed out. But from the decree denying the complainant any relief and dismissing his bill an appeal has been perfected; and original complainant makes the following assignment of errors to-wit: ''The learned trial court was in error in overruling, disallowing and failing to sustain the complainant's bill, and in failing to render judgment against the defendant, Harth, for the full amount which it paid out upon his representations, prosecutions and convictions of these thieves for this larceny.

Upon representation of said defendant that this car was stolen, the insurance company, the complainant herein, paid out $3500 for the damage to this stolen car, and took subrogation receipt according to the terms of its policy, and it was entitled to a judgment and decree against said defendant for the amount it had to pay out on account of his negligence, permitting said car to be stolen, when it was to keep for safe keeping, and in failing and refusing to render judgment in favor of complainant, the trial court was in error.''

We have carefully examined the record and have come to the conclusion that the decree of the Chancellor must be affirmed. Complainant insists virtually from the fact that defendant Harth represented to its adjuster or to defendant's agents that the property was stolen by his employee; and from the fact that he as a matter of fact prosecuted the negro for larceny that he is estopped from denying liability thereon; pretermitting any question as to whether or not any such representations were made or any prosecution for theft of the automobile initiated by the defendant before the justice and as to whether or not any sufficient loss of the J. P. papers had been sufficiently accounted for so as to permit secondary proof of their contents. These facts if proven did not create an estoppel because lacking in the confession of or representation of any fact essential to a liability. There was no confession of any negligence on the part of the defendant.

It is insisted however that the fact of bailor and bailee existing created a contractual relation and an admission alone that the automobile was stolen from the garage would create the presumption of negligence. Perhaps that might be true if nothing else appeared; but here all the facts surrounding the injury to the car appears. We do not think the proof even raises any suspicion of theft or anything more than criminal trespass. When it reached the circuit court and grand jury, where an indictment was found that was all they charged the negro with, and at best it is not claimed that the insurance policy covered damages through such a trespass.

The Insurance Company was not liable. The adjuster seems to have taken too much for granted, and seems to have rather assumed a liability against the defendant Harth upon the assumption that he was a bailee of the car. But bailees under the circumstances shown are not insurers of the goods bailed and are only responsible for ordinary care. There appears to have been no special contract between the parties imposing any higher degree of diligence.

Bailment is either special or general. It is general, as in this case, "when the delivery is by one man to another to be redelivered upon request." Jones v. Littlefield, 3 Yerger, 133. "The bailee who is benefited by the possession (as in this case by compensation) as well as the bailor, shall be bound to ordinary care, and shall be answerable for a corresponding neglect." Jones on Bailment, 74, 78, 118, 120; L. R. A., 97; 1 Ba. Ab. 370; Young v. Forgey, 4 Haywood, 9, Ency. Digest, Vol. 2, page 289. See also in latter book same vol. and page, under note 1, statement of same as general rule with citations. Among which is one as follows: "Where the contract is one of mutual benefit, only ordinary care is required. But it is also said, that this case may vary much in different cases, 'according to the nature of the thing and the circumstances.' 1st Parsons

on Contracts, 610-603. . . . "If the loss occur through theft or robbery or the injury result from violence, the bailee is only answerable, when his imprudence or negligence caused or facilitated the injurious act." Id. 606. Wallace v. Canada, 4 Sneed, 364." So that mere theft of the automobile had such occurred was not of itself sufficient to create a liability. Nor was the defendant therefore precluded from making his defense even though the articles may have been stolen. But as indicated there was absolutely no proof that the automobile was stolen; and the amazing thing is that this boy should have had a judgment of infamy pronounced against him upon his plea of guilty to an indictment which appears to have charged only a simple trespass. This is not a felony and does not involve any such serious consequence. While every larceny involves a trespass every trespass does not involve a larceny. Nor upon being arraigned upon such an indictment does it make any difference that the submission recites that it was for petit larceny.

The indictment itself defines the charge and we think the visitation of infamy was simply unauthorized and void. However it has been formally reversed and the defendant restored.

We think the proof shows that prior to this night this negro who was left in charge of defendant garage at night to receive incoming cars was shown during all his previous employment to have been a faithful and efficient employee; that he had never theretofore been a user of whiskey at all; that it was not his business to grease these cars and take them out at night; but that during the late hours of night this conventional complainant brought his car into the garage and delivered it to the negro, ordering him to dope the car, which meant to grease the car and get the squeaks out of it. There is some issue in the proof as to whether or not it was necessary as a prerequisite to telling whether the squeaks had been gotten out of it to drive it out or test over some rough road or whether it was only necessary to shake the car to ascertain.

The negro says he was told to take it out and try it. This was denied by Malone who does not deny that he told him to grease it and take the squeaks out. At any rate Malone himself was drinking and gave the negro between a half pint and a pint of red liquor which the negro confesses to drinking and that he was drunk while testing the car out, and ran it against a telephone pole accomplishing its ruin. While we shall not attempt to place the blame for the apparent carelessness with which the rights of these negroes, one of whom it appears had nothing to do with taking the car out; but maybe was seen about its wreck have been dealt with; we do not think the proof at all sufficient to have warranted a belief that there was any attempt to steal the car. Nor do we think there is any proof to indicate that defendant committed any negligence in

692

leaving his garage in charge of this competent and hitherto faithful and efficient servant for which he should be saddled with responsibility for this accident. If the proof shows any one to blame it was Malone in contributing the means to this negro's downfall, as the proof shows he did, in supplying him with liquor which appears to have brought about his incompetent or careless handling of the car.

It is insisted that the Chancellor sustained objection to all the proof that was offered, tending to support a case entitling the Insurance Company to a judgment and that such proof is not now before this court. But had it been before the court as claimed, the alleged subrogee could stand in no higher favor than Malone himself who it appears had no rights to be affected by his transfer. If the Insurance Company paid the claim upon such investigation, that was made it has no one to blame but itself and its own agents, as it does not appear to us to have been liable.

It results that the assignments of error are overruled and the decree of the Chancellor is affirmed with costs against appellee and securities.

Portrum and Thompson, JJ., concur.